UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYEESHA MOBLEY,<br><br>*Plaintiff,*<br><br>v.<br><br>FORDHAM AUTO SALES, INC.; TOYOTA LEASE TRUST; and TOYOTA MOTOR CREDIT CORPORATION,<br><br>*Defendants.* | Civil Action No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Tyeesha Mobley, Plaintiff herein, by her attorneys, alleges and complains of Defendants as follows:

**PRELIMINARY STATEMENT**

1. Tyeesha Mobley ("Plaintiff") brings this action to secure redress against unlawful lending and business practices engaged in by Defendants Fordham Auto Sales, Inc. ("Dealership"), Toyota Lease Trust ("TLT"), and Toyota Motor Credit Corporation ("TMCC") relating to an automobile transaction.

2. Plaintiff seeks injunctive and declaratory relief, actual, statutory, treble, and punitive damages, a civil penalty, attorney's fees, and costs against Defendants for, *inter alia*, violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and its implementing regulations, 12 C.F.R. § 1026 *et. seq*. ("Regulation Z"), the New York Motor Vehicle Retail Instalment Sales Act, N.Y.P.P.L. § 301, *et. seq.* ("MVRISA"), New York General Business Law § 349, for common law fraud, the Consumer Lease Act, 15 U.S.C. § 1667, *et seq.* ("CLA") and its implementing regulations, 12 C.F.R. § 1013, *et seq*., and the Motor Vehicle Retail Leasing Act, NY CLS Pers P § 337, *et seq.*

1

**JURISDICTION AND VENUE**

3. The Court has jurisdiction pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1667d(c), and 28 U.S.C. § 1331.

4. Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 U.S.C. § 2201.

5. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, a substantial part of the events and occurrences complained of occurred within this District, and Defendants maintain offices, transact business, and are otherwise found in this District.

**THE PARTIES**

7. Plaintiff is, and at all relevant times has been, a natural person and citizen of New York residing in the Bronx, New York. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1602(i).

8. Defendant Fordham Auto Sales, Inc. is a Bronx-based automobile dealership incorporated and doing business in the state of New York. Defendant Fordham Auto Sales, Inc. regularly extends consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required. The Dealership is thus a "creditor" as defined in 15 U.S.C. § 1602(g)(1).

9. Defendant Toyota Lease Trust is a Delaware Corporation doing business in the state of New York. TLT is the assignee of the lease agreement referenced in the instant complaint.

10. Defendant Toyota Motor Credit Corporation is a California corporation doing business in the state of New York and is the servicer of the subject lease agreement.

## FACTS

11. On August 15, 2019, Plaintiff visited the Dealership at its Bronx location to purchase a used vehicle.

12. She decided to purchase a used 2016 Toyota Camry and proceeded to meet with the Dealership's finance representative to complete the transaction, including finalizing the purchase and financing of the vehicle.

13. During this meeting, the computer screen on which the representative was working was not visible to Plaintiff.

14. During this meeting, the representative instructed Plaintiff to sign an electronic pad that did not show what documents or portions of documents Plaintiff was signing.

15. At no point before or during the meeting did the representative show to Plaintiff the documents she was signing.

16. At no point before or during the meeting did the representative provide Plaintiff with a clear and conspicuous Truth-in-Lending disclosure.

17. At the conclusion of this meeting, the representative did not provide to Plaintiff a copy of the documents she had just signed.

18. Immediately thereafter, the Dealership presented to Plaintiff a new 2019 Toyota C-HR XLE ("2019 New Vehicle") as the vehicle subject to the transaction just completed, and not the 2016 used Toyota Camry ("2016 Used Vehicle") Plaintiff thought she was buying.

19. After Plaintiff stated that she never intended to buy a new vehicle, the Dealership stated that Plaintiff should take the 2019 New Vehicle and bring it back "next week" if she still

wanted the 2016 Used Vehicle.

20. The Dealership further represented to Plaintiff that it did not have any 2016 Toyota Camrys in stock, and it could not sell the 2016 Used Vehicle Plaintiff selected because it was a "demo" vehicle.

21. Based on the Dealership's representations, Plaintiff left the Dealership in the 2019 New Vehicle.

22. The following week, Plaintiff returned to the Dealership in the 2019 New Vehicle and requested the 2016 Used Vehicle or a similar used vehicle.

23. Contrary to its prior representations, the Dealership would not allow Plaintiff to exchange the 2019 New Vehicle for the 2016 Used Vehicle or a similar used vehicle.

24. Subsequently, Plaintiff found copies of a contract in the glove compartment of the 2019 New Vehicle.

25. The contract documents show that the Dealership did not sell Plaintiff the 2019 New Vehicle, but rather had leased it to Plaintiff.

26. In short, Plaintiff sought to purchase a used 2016 Toyota Camry, but the Dealership leased to Plaintiff a new 2019 Toyota C-HR XLE.

27. Had the terms of the transaction been provided to Plaintiff as required by law, she would not have entered into the transaction.

28. TLT is the assignee of the lease agreement. As such, TLT is liable for each claim set forth below either directly in its own right and/or as the assignee of the lease agreement under the FTC Holder Rule and under MVRISA § 302(9).

29. On or about February 28, 2020, Defendant TMCC repossessed the 2019 New Vehicle and failed to provide the statutorily required notice to Plaintiff.

## FIRST CAUSE OF ACTION
## <u>VIOLATIONS OF TILA</u>
### (15 U.S.C. § 1601 *et seq.* against the Dealership and TLT)

30. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

31. Plaintiff's transaction as described in this Complaint was a consumer credit transaction within the meaning of TILA and Federal Reserve Board Regulation Z.

32. The Dealership is a creditor within the meaning of the TILA, 15 U.S.C. § 1602(f) and the relevant implementing regulations set forth in Regulation Z (e.g. § 226.2(a)).

33. TLT purports to be an assignee of the Dealership and demands and accepts payments under the lease agreement on that basis.

34. As such, TLT is an assignee pursuant to TILA, 15 U.S.C. § 1641(a) and the relevant implementing regulations found in Regulation Z.

35. Here, Plaintiff sought to purchase the 2016 Used Vehicle.

36. However, the Dealership had Plaintiff sign an electronic pad that affixed Plaintiff's signature to a lease agreement and not a purchase agreement.

37. The Dealership did not provide a copy of the agreement to Plaintiff before, during, or after the transaction.

38. Thus, the Dealership did not timely provide to Plaintiff clear and conspicuous disclosures as required by 15 U.S.C. § 1638(b)(1) and Reg. Z § 1026.17(b).

39. Pursuant to 15 U.S.C. § 1640(a), Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION**
**<u>VIOLATIONS OF MVRISA</u>**
**(N.Y. Personal Property Law §§ 301 *et. seq*. against the Dealership)**

40. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

41. Plaintiff is a "retail buyer" within the meaning of MVRISA § 301(2) in that she requested to buy a motor vehicle from the Dealership and the Dealership misrepresented to Plaintiff that she was indeed buying a vehicle.

42. The Dealership is a "retailer seller" within the meaning of MVRISA § 301(3).

43. The transaction as described herein involved a "retail instalment sale" within the meaning of MVRISA § 301(4).

44. Pursuant to § 302(5), MVRISA incorporates all TILA disclosure requirements.

45. As set forth above, the Dealership provided no TILA disclosures to Plaintiff.

46. Plaintiff was not provided a contract identified as a "Retail Installment Contract," in accordance with MVRISA § 302(2)(a), either at the time of the sale or at any subsequent time.

47. The "Notice To Buyer" disclosure required pursuant to MVRISA § 302(2)(c) was not provided at the time of sale or at any subsequent time.

48. Under MVRISA § 302(1) a motor vehicle retail installment contract is required to contain "all of the agreements" between the parties.

49. The Dealership's violations of MVRISA were willful.

50. For all of the reasons stated herein, under MVRISA § 307, Plaintiff is entitled to recover from the Dealership any credit service charge, delinquency, or collection charge she has paid as a result of this transaction.

51. Plaintiff is also entitled to injunctive relief barring the Dealership from henceforth

violating MVRISA as set forth above.

## THIRD CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES
**(N.Y. Gen. Bus. Law § 349 against the Dealership and TLT)**

52. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

53. Each of the deceptive acts and practices set forth herein constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

54. To wit, wholly apart from any other violations of law recounted in this Complaint, the Dealership's acts and practices on behalf of itself constitute violations of NYGBL § 349, which makes deceptive acts in the conduct of business, trade, commerce or the furnishing of a service in this state, unlawful, independent of whether these acts and practices constitute violations of any other law.

55. These deceptive acts and practices were committed in conduct of business, trade, commerce or the furnishing of a service in this state.

56. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

57. These false and deceptive consumer-oriented actions misrepresent the actual rights and obligations of consumers.

58. Upon information and belief the Dealership routinely uses the digital signature process to hide the full costs and nature of financed transactions from consumers.

59. Also, upon information and belief, the Dealership routinely misrepresents that its sales of automobiles are in compliance with applicable law, causing consumers to enter into transactions falsely believing that they have received all necessary disclosures and notices.

60. The Dealership's false and deceptive consumer-oriented actions result in Defendants receiving and retaining payments as the result of transactions into which consumers, and Plaintiff specifically, would not have entered if the true facts had been known.

61. The Dealership's conduct and statements described above are materially misleading.

62. As a result of these violations of NYGBL § 349, Plaintiff suffered and continues to suffer pecuniary and non-pecuniary harm.

63. The Dealership's violations were willful and knowing and committed in bad faith.

64. For these reasons, Plaintiff is entitled to actual damages, three times the actual damages up to $1,000, punitive damages, costs and reasonable attorney's fees pursuant to NYGBL § 349(h), and declaratory judgment that Defendants' practices are deceptive as defined under § 349.

## FOURTH CAUSE OF ACTION
## COMMON LAW FRAUD
### (against the Dealership)

65. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

66. As set forth above, the Dealership defrauded Plaintiff by, *inter alia*, mispresenting to Plaintiff that she was purchasing the used 2018 Vehicle when, in fact, the Dealership affixed her signature to a fraudulent lease agreement for the new 2019 Vehicle, which agreement Plaintiff never had an opportunity to review.

67. Upon information and belief, the Dealership intended to deceive Plaintiff.

68. Plaintiff believed and justifiably relied upon the Dealership's representations.

69. Plaintiff had no reason to know or expect that the documents to which her signature was affixed was actually a lease agreement for a different vehicle than the one she wished to purchase.

70. Had the Dealership been truthful about the transaction's sales terms and the contents of the lease agreement, and had the Dealership not made these fraudulent misrepresentations, Plaintiff would have walked away and avoided the transaction entirely.

71. As a result of such reliance, Plaintiff sustained actual damages (including both pecuniary and non-pecuniary damages).

72. Moreover, the Dealership's conduct was egregious on every level, involving outright deception.

73. As a result of Plaintiff's reasonable reliance upon the Dealership's misrepresentations, Plaintiff is entitled to actual damages as set forth above, punitive damages, and costs.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE CONSUMER LEASING ACT**
**(15 U.S.C. § 1667, *et seq.* against the Dealership and TLT)**

74. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

75. Plaintiff did not request to enter into a lease, nor did she know the Dealership had affixed her signature to a lease agreement until weeks after the transaction.

76. Nonetheless, a lease agreement, though invalid, emanated from the transaction.

77. Defendants are "lessors" as defined by the CLA, 15 U.S.C. § 1667(3).

78. Congress enacted the CLA in 1976 as an amendment to the TILA. The CLA extends the TILA's disclosure requirements to consumer leases to "assure a meaningful disclosure of the

9

terms of leases" and allow consumers to compare various lease terms available to them as well as to compare lease terms to available credit terms. 15 U.S.C. § 1601(b).

79. Regulation M, 12 C.F.R. § 1013, *et seq.*, is the CLA's implementing regulation and provides key interpretations of the CLA.

80. Section 1667a of the CLA requires lessors, such as Defendants, to provide consumers (lessees) with certain disclosures that "accurately and in a clear and conspicuous manner" identify certain information and charges.

81. When a lessor fails to abide by the provisions of the CLA and Regulation M, a consumer may seek damages per 15 U.S.C. § 1640(a) as well as attorney's fees and costs.

82. By failing to provide Plaintiff with any disclosures, much less properly disclose the items required by the CLA, Defendants violated the CLA and Regulation M.

83. As a result of these violations, Plaintiff is entitled to statutory damages, attorney's fees, and costs.

**SIXTH CAUSE OF ACTION**
<u>**VIOLATIONS OF THE MOTOR VEHICLE RETAIL LEASING ACT**</u>
**(NY CLS Pers P § 337-5(j) against all Defendants)**

84. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

85. Plaintiff is a "lessee" as defined by NY CLS Pers P § 331-2.

86. Defendants are "lessors" as defined by NY CLS Pers P § 331-3.

87. The subject lease is a "retail lease agreement as defined by NY CLS Pers P § 331-5.

88. NY CLS Pers P § 337-5 lists several provisions that each lease agreement "shall contain."

89. NY CLS Pers P § 337-5(j) requires, in pertinent part, that a lease agreement shall contain:

> A provision permitting a lessee whose default consists solely of the failure to make timely rental payments to cure his or her default and reinstate the agreement, without losing any rights or options previously acquired under the agreement, by paying all past due rental and delinquency charges and, if the agreement so provides, a reinstatement fee not to exceed ten dollars and the actual and reasonable costs of repossession, storage, pickup and redelivery within twenty-five days after the lessee is sent written notice of his or her reinstatement rights.

84. Defendants violated NY CLS Pers P § 337-5(j) by failing to include such a statutorily compliant provision in the subject lease agreement.

85. Further, Defendants violated Section 337-5(j) by failing to provide to Plaintiff any written notice regarding her rights as set forth in Section 337-5(j).

86. TMCC, as the servicer of the lease agreement and agent for TLT, violated Section 337-5(j) by failing to provide to Plaintiff any written notice regarding her rights as set for in Section 337-5(j).

87. As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover her actual damages, a civil penalty of $100, attorney's fees, and costs.

**(Continued on Next Page)**

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in her favor and grant the following relief:

a. A judgment declaring that Defendants have committed the violations of law alleged in this action and an injunction forbidding any future violations;

b. An award of actual damages, treble damages, statutory damages, a civil penalty, and punitive damages;

c. An award of attorney's fees and costs; and

d. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

DATED: August 13, 2020

Respectfully submitted,

*Daniel A. Schlanger*
Daniel A. Schlanger
Schlanger Law Group LLP
80 Broad St., Suite 1301
New York, NY 10004
T: 212-500-6114
F: 646-612-7996
E: dschlanger@consumerprotection.net
*Attorneys for Plaintiff*
